## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL SCHAEDER, PAUL SCHAEDER, JR., AND JACQUELINE SCHAEDER, | : <br> : <br> : |
| Plaintiffs, | : |
| v. | : No. 3:19-cv-09446 |
| US BANK NA, AS TRUSTEE OF GPMFT 2007-AR1, OCWEN LOAN SERVICING, AND PHELAN HALLINAN DIAMOND & JONES, LLP | : <br> : <br> : <br> : |
| Defendants. | : |

**MEMORANDUM OF LAW SUPPORTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

                                                                                                                **Page**

I.     INTRODUCTION ................................................................................................................1

II.    BACKGROUND .................................................................................................................1

        A.     The State Foreclosure Action................................................................................. 1

        B.     This Action............................................................................................................. 1

III.   STANDARD OF REVIEW .................................................................................................2

IV.   ARGUMENT .......................................................................................................................3

        A.     Plaintiffs' Claims Are Barred By *Res Judicata*. ....................................................... 3

        B.     Plaintiffs' Claims Are Barred By The *Rooker-Feldman* Doctrine ......................... 4

        C.     Plaintiffs' Claims Are Barred By The Entire Controversy Doctrine...................... 5

V.     CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...............................................................................3

*Ayres-Fountain v. Eastern Savings Bank*, 153 F. App'x 91 (3d Cir. 2005) ...................................5

*Baraka v. McGreevey*, 481 F.3d 187 (3d Cir. 2007)..................................................................3

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ..................................................................3

*Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927 (3d Cir. 1991) .........................6

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997).......................................2

*District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)...........................................4

*El Ali v. Litton Loan Servicing*, 217 F. App'x 115 (3d Cir. 2007) ...................................................5

*Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)............................................5

*Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981)...............................................4

*Harris v. Brody*, 317 F. App'x 153 (3d Cir. 2008)...............................................................3

*Heir v. Del. River Port Auth.*, 218 F. Supp. 2d 627 (D.N.J. 2002).....................................5

*In re Knapper*, 407 F.3d 573 (3rd Cir. 2005)........................................................................4

*Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149 (3d Cir. 2008) ........................5

*Murray v. Crystex Composites LLC*, 618 F. Supp. 2d 352 (D.N.J. 2009) ......................................3

*Patetta v. Wells Fargo Bank*, Civ. No. 09-2848, 2010 U.S. Dist. LEXIS 47233 (D.N.J. May 13, 2010) ................................................................................................6

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3d Cir. 1993) ...............................................................................................................................3

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)..............................................................4

*Shih-Ling Chen v. Rochford*, 145 F. App'x 723 (3d Cir. 2005) .........................................5

*Whiteford v. Reed*, 155 F.3d 671 (3d Cir. 1988)................................................................4

**State Cases**

*Culver v. Ins. Co. of North Am.*, 559 A.2d 400 (N.J. 1989)..............................................4

**Federal Statutes**

Fair Debt Collection Practices Act (FDCPA) ................................................................................2

Racketeer Influenced and Corrupt Organizations Act (RICO) .......................................................2

Real Estate Settlement Procedures Act ..........................................................................................2

**State Statutes**

New Jersey Consumer Fraud Act ..............................................................................................2, 6

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................................2

Fed. R. Civ. P. 8(a) ........................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2-3

N.J. Ct. R. 4:30A ............................................................................................................................6

## I.    INTRODUCTION

This action is a misguided attempt to attack a state foreclosure judgment. In short, Plaintiffs Paul Schaeder, Paul Schaeder, Jr. and Jacqueline Schaeder ("**Plaintiffs**") make allegations challenging the fairness and validity of the orders entered in the state court foreclosure action. Plaintiffs' allegations and claims are a direct attack on the state court foreclosure judgment and are therefore barred by the principle of *Res Judicata*, the *Rooker-Feldman* doctrine, and the Entire Controversy doctrine. Accordingly, Defendants U.S. Bank National Association, as Trustee of GPMFT-2007-AR1 and Ocwen Loan Servicing, LLC[1] (collectively "**Defendants**") motion to dismiss should be granted with prejudice.

## II.   BACKGROUND

### A.    The State Foreclosure Action

This matter involves a mortgage loan on property located at 1904A Long Beach Blvd. Long Beach Township, New Jersey 08008 (the "***Property***"). ECF No. 3-1 at ¶ 2. Plaintiffs are the borrowers on the subject mortgage loan. ECF No. 5 at ¶ 10.

A foreclosure action was filed in the Superior Court of New Jersey in and for Ocean County at Docket No. F-034120-08 and judgment was entered (the "***State Court Judgment***"). Amended Complaint at ¶ 13. The Property was sold at a foreclosure sale and eviction proceedings were initiated and completed. Complaint at ¶ 17.

### B.    This Action

On April 12, 2019, Plaintiffs filed a Motion for Temporary Restraining Order and/or Preliminary Injunction and Complaint (the "***Motion for TRO***"). ECF No.1. The Motion for TRO was denied on April 15, 2019. ECF No. 4.

---

[1] Ocwen Loan Servicing, LLC merged into PHH Mortgage Corporation on June 1, 2019.

Plaintiffs filed an Amended Complaint on June 3, 2019 (the "***Amended Complaint***"). ECF No. 5. The Amended Complaint makes numerous challenges to Defendants actions taken in connection with the foreclosure action as to the Property. *See* Amended Complaint. By example, Plaintiffs' complain that "[t]here was no actual assignment at the time of filing from the originator to any of the Defendants…" (ECF No. 5 at ¶ 3); Plaintiffs "attempted to modify the loan, but Defendant Attorneys rebuffed those attempt at every turn…" (ECF No. 5 at ¶ 8); the motion to amend the judgment filed on July 10, 2013 was not served on Plaintiffs (ECF No. 5 at ¶ 12-13); a sale did go through and an improper eviction proceeded as well… (ECF No. 5 at ¶ 17); and Defendants "willfully commenced a foreclosure debt collection action in the State Court by: relying on improper paperwork…" ECF No. 5 at ¶ 26). Plaintiffs further complain that they lost the equity in the Property as a result of the foreclosure sale. ECF No. 5 at ¶ 58-61.

Based on these allegations, Plaintiffs assert six counts against Defendants: (i) Violation of the Fair Debt Collection Practices Act (FDCPA) (Count I); (ii) Violation of the New Jersey Consumer Fraud Act (NJCFA) (Count II); (iii) Respondeat Superior (Count III); (iv) Unjust Enrichment (Count IV); (v) Racketeer Influenced and Corrupt Organizations Act (RICO) (Count V); and (vi) Violation of Real Estate Settlement Procedures Act (RESPA)(Count vi) (the "***Claims***"). *See* Amended Complaint.

Defendants now seek dismissal of all Claims with prejudice.

### III.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted when, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Rule 8 of the Federal Rules of Civil Procedure requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a). However, "factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (discussing plausibility standard).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1949. This Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court may consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.    ARGUMENT

Plaintiffs' Amended Complaint is a disorganized pleading full of unsupported legal conclusions. Plaintiffs' Complaint is nothing more than an attack on the State Court Judgment. As such, the Claims are barred by the Entire Controversy Doctrine and Res Judicata.

### A.    Plaintiffs' Claims Are Barred By *Res Judicata.*

Plaintiffs' Claims are barred by *res judicata*. *Res judicata*, also known as claim preclusion, bars a party from relitigating claims that were previously litigated to a final conclusion. *See, e.g.*, *Murray v. Crystex Composites LLC*, 618 F. Supp. 2d 352, 357 (D.N.J. 2009). *Res judicata* requires the following elements: (1) the final judgment in the prior action must be valid, final and on the merits, (2) the parties in the later action must be identical to or in privity with the prior action; and (3) the claim in the later action must grow out of the same transaction." *Harris v. Brody*, 317 F. App'x 153, 155 (3d Cir. 2008). Where these elements are present, the parties and their privies are precluded from relitigating the issues that were raised or

3

could have been raised in the previous action.  *See, e.g., Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981); *Culver v. Ins. Co. of North Am.*, 559 A.2d 400, 406 (N.J. 1989).

In this case, a final judgment was issued in the foreclosure action against Plaintiffs.  The State Court Judgment is final, valid, and on the merits.  It is obvious from the Amended Complaint that the Claims brought here arise from the same transaction that was the subject of the State Court foreclosure action.  Accordingly, *res judicata* bars Plaintiffs' Claims, and the Complaint should be dismissed with prejudice.

**B.     Plaintiffs' Claims Are Barred By The *Rooker-Feldman* Doctrine**

Plaintiffs' Claims are barred by the Rooker-Feldman doctrine.  Plaintiffs' Claims are based on a contention that Defendants' foreclosure of the Property was improper.  The Claims are barred by the *Rooker-Feldman* doctrine, and Plaintiffs' Amended Complaint should be dismissed accordingly.

Under the *Rooker-Feldman* doctrine, federal courts, other than the Supreme Court, lack subject matter jurisdiction to review judgments rendered by state courts.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 485-86 (1983); *In re Knapper*, 407 F.3d 573, 580 (3rd Cir. 2005).  The doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling" or that are "inextricably intertwined" with the state court action.  *In re Knapper*, 407 F.3d at 580 (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004)); *see also Whiteford v. Reed*, 155 F.3d 671, 673 (3d Cir. 1988) (holding that "*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling").  In short, the *Rooker-Feldman* doctrine precludes a District Court from exercising jurisdiction over

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Third Circuit has repeatedly concluded that the *Rooker-Feldman* doctrine bars claims by individuals challenging (or requiring the review of) judgments rendered in a state foreclosure action. *See, e.g., Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action as barred by the *Rooker-Feldman* doctrine); *El Ali v. Litton Loan Servicing*, 217 F. App'x 115, 116 n. 1 (3d Cir. 2007) (dismissing appeal and stating that the claims concerning foreclosure action were barred under *Rooker-Feldman* doctrine); *Shih-Ling Chen v. Rochford*, 145 F. App'x 723, 725 (3d Cir. 2005) (same); *Ayres-Fountain v. Eastern Savings Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (*Rooker-Feldman* barred federal suit seeking to, in effect, overturn state court foreclosure judgment).

By alleging that the foreclosure was improper, Plaintiff is expressly and implicitly challenging, and asking this Court to overturn, the foreclosure judgment entered by the Superior Court of New Jersey.  The *Rooker-Feldman* doctrine precludes Plaintiffs from collaterally attacking that judgment in this Court and, therefore, the Amended Complaint should be dismissed with prejudice.

### C. Plaintiffs' Claims Are Barred By The Entire Controversy Doctrine.

Plaintiffs' Claims are barred by New Jersey's Entire Controversy doctrine.  The Entire Controversy doctrine has a broader scope than traditional claim preclusion and is applicable in federal court.  *Heir v. Del. River Port Auth.*, 218 F. Supp. 2d 627, 632 (D.N.J. 2002).  The

doctrine bars a plaintiff from litigating claims it <u>could</u> have litigated in an earlier proceeding. *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927 (3d Cir. 1991). The doctrine expressly applies in mortgage foreclosure actions when the claims are germane to the foreclosure. *See* N.J. Ct. R. 4:30A. Allegations pertaining to Defendants' foreclosure and eviction of the Property are considered germane to the proceeding, and the Entire Controversy doctrine bars those claims. *See, e.g.*, *Patetta v. Wells Fargo Bank*, Civ. No. 09-2848, 2010 U.S. Dist. LEXIS 47233, *37 (D.N.J. May 13, 2010) (granting motion to dismiss and noting, "It is clear from the face of Plaintiffs' complaint that the claims asserted therein are germane and could have been raised in the foreclosure proceeding. Plaintiffs' claims for fraud, NJCFA, unconscionability, unjust enrichment and breach of contract are each the sort of claims that have been deemed germane by courts in that the Claims challenge the origination and validity of the mortgage").

Accordingly, because Plaintiffs' Claims are germane to the foreclosure, they are barred by the Entire Controversy doctrine.

## V. CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated:  October 24, 2019                         Respectfully Submitted,
                                                 **DUANE MORRIS LLP**

                                                 */s/ Kassia Fialkoff*
                                                 Brett L. Messinger
                                                 Stuart I. Seiden
                                                 Kassia Fialkoff
                                                 30 South 17th Street
                                                 Philadelphia, PA  19103-4196
                                                 Telephone: +1 215 979 1508
                                                 Fax: +1 215 979 1020

6

*Attorneys for Defendants U.S. Bank National Association, as Trustee of GPMFT-2007-AR1 and Ocwen Loan Servicing, LLC*

7